In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-2587

BASSAM ASSAF,

*Plaintiff-Appellant,*

*v.*

TRINITY MEDICAL CENTER,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:10-cv-04021-JES— **James E. Shadid**, *Chief Judge.*

ARGUED FEBRUARY 24, 2016 — DECIDED MAY 6, 2016

Before EASTERBROOK, ROVNER, and HAMILTON, *Circuit
Judges.*

ROVNER, *Circuit Judge.* This is the second appeal by Dr.
Bassam Assaf concerning his breach of contract action against
Trinity Medical Center ("Trinity Medical"). From 2005 to 2009,
Assaf was employed by Trinity Medical as its medical director
for the epilepsy clinic. Trinity Medical terminated his employ-
ment in August 2009, and Assaf filed an action for breach of

contract on February 1, 2010. The parties entered into a settlement agreement on February 26, 2010, under which Assaf would be employed by Trinity Medical from 2009 until at least 2011 in the position of Director of the Neuroscience Program. Although the agreement was signed by both parties, the employment relationship never materialized, and Assaf sought summary judgment on his claim for breach of that settlement agreement. The district court granted summary judgment and the parties prepared for trial regarding damages. Assaf sought as damages the lost salary for the years in which he was to have been employed under the settlement agreement, as well as lost professional fees during that time. The district court rejected the claim for lost professional fees holding that Assaf failed to provide an adequate estimate of the loss during discovery. The district court then entered judgment without trial awarding Assaf his salary for the years 2009 through 2011 and compensatory damages totaling $172,759 plus $15,000 in attorneys' fees.

Assaf filed what would be the first of two appeals to this court, contesting the court's refusal to allow damages relating to lost professional fees. We reversed the district court on that issue, holding that Assaf had presented a computation of his lost professional fees, with supporting evidence, after discovery but before the preparation of any pretrial order, and that he therefore should have been allowed to proceed with that claim for damages. *Assaf v. Trinity Medical Center*, 696 F.3d 681, 686-87 (7th Cir. 2012). Accordingly, we reversed the district court's order barring evidence of lost professional fees, and remanded the case for the court to properly ascertain Assaf's damages. *Id.* at 687.

On remand, Assaf proceeded to a jury trial on his claim for lost professional fees. Assaf sought to establish that his professional fees from EEG video monitoring and follow-up of epilepsy patients decreased as a result of Trinity Medical's failure to rehire him as required by the settlement agreement, because his relationship with Trinity Medical was a driving factor in such referrals. The court used a verdict form asking the jury "Did Dr. Assaf prove that he sustained damages as explained in these instructions"" to which the jury responded "No." Judgment was entered for Trinity Medical and the district court denied Assaf's subsequent motion for a new trial. Assaf now appeals that determination.

Assaf asserts that the district court erred in numerous evidentiary rulings, including the admission of testimony from Trinity Medical's expert, the admission of a number of exhibits by Trinity Medical, and the allowance of testimony relating to disputes and litigation involving Assaf and his former employers. In addition, Assaf argues that the court erred in determining that the damages sought for the loss of professional fees were consequential rather than direct damages. We need not address these challenges, however, because Assaf's arguments to this court on appeal establish that he has no valid claim to damages for lost professional fees, and therefore the alleged errors—even if established—are harmless.

As the party seeking to recover damages, Assaf bears the burden of proving that he did, in fact, suffer actual damages and must establish a reasonable basis for computation of those damages. *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 632 (7th Cir. 2007); *Merry Gentleman, LLC v. George & Leona Prods., Inc.*, 799 F.3d 827, 830 (7th Cir. 2015); *Pamado, Inc. v.*

*Hedinger Brands, LLC*, 785 F. Supp. 2d 698, 708 (N.D. Ill. 2011). Although we held in our earlier opinion that Assaf could bring a claim for the loss of professional fees, that opinion merely addressed whether Assaf had timely submitted computations establishing the amount of professional fees at issue. *Assaf*, 696 F.3d at 686-87. That appeal did not present the issue as to whether Assaf had evidence that he actually incurred those losses.

Assaf's claim for the loss of professional fees was based on the allegation that his practice experienced a decrease in referrals and corresponding loss of fees as a result of Trinity Medical Center's breach of contract. According to Assaf, those professional fees were generated when he performed services, and the breach of contract caused a decrease in referrals and corresponding decrease in professional fees.

The problem with this claim, however, is that those professional fees were not paid to Assaf. The fees were paid directly to the practice, and Assaf concedes on appeal that he had no ownership interest in that practice and that the fees did not accrue to him personally. Assaf acknowledges that because of his immigration status, the practice is owned by his wife not by him. Moreover, Assaf does not claim that his salary or other compensation was affected by the alleged decrease in professional fees. In fact, in his brief and at oral argument, he conceded that he is not claiming a loss of income. Therefore, Assaf is attempting to claim damages for a loss of professional fees to the practice, and to his wife as owner of that practice, which did not adversely impact his own income. His wife is not a party to this action, and Assaf has failed to establish that he, as opposed to his wife or the practice, experienced any loss

of professional fees. In fact, on appeal he asserts that it does not matter where the fees would have gone, but only that they were generated by his performance of services. But Assaf received a salary for those services which was unchanged throughout the time period at issue, and he denies on appeal that his salary or income was adversely affected by the loss of fees. In short, he provides no argument to differentiate himself from any employee of a business, and asserts no basis for allowing such an employee to recover damages for lost profits of a business in which the employee has no ownership or legal interest and in which the employee alleges no impact on his own compensation. Assaf has failed to argue that he has any interest in the professional fees for which he seeks damages. If he were able to prove any errors in the trial, a dubious proposition in itself, those errors would be harmless because his admissions establish that he in fact suffered no loss of professional fees. The decision of the district court is AFFIRMED.